KYWD USDC Pro Se 15 (Rev. 10/20) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky

Louisville _____ Division

FILED
JAMES J. VILT, JR. - CLERK
AUG 16 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

J.I.W

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

John C. Koski Jr., Michael Huffins, and unknown HSI and FBI Agents

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. 3:23cv428DJH
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes  ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Page 1 of 6

KYWD USDC Pro Se 15 (Rev. 10/20) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | J.I.W. |
| Address | PO Box 2134 |
| | Danville, KY 40423 |
| | *City / State / Zip Code* |
| County | Boyle County |
| Telephone Number | 502-517-7641 |
| E-Mail Address | john.doe.plaintiff.kentucky@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | John C. Koski Jr. |
| Job or Title *(if known)* | Federal Agent with Homeland Security Investigations (HSI) |
| Address | 601 W. Broadway #114 |
| | Lousiville, Ky 40202 |
| | *City / State / Zip Code* |
| County | Jefferson County |
| Telephone Number | 502-582-6380 |
| E-Mail Address *(if known)* | |

[✔] Individual capacity   [ ] Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Michael Huffins |
| Job or Title *(if known)* | Federal Agent with Homeland Security Investigations (HSI) |
| Address | 601 W. Broadway #114 |
| | Lousiville, KY 40202 |
| | *City / State / Zip Code* |
| County | Jefferson County |
| Telephone Number | 502-582-6380 |
| E-Mail Address *(if known)* | |

[✔] Individual capacity   [ ] Official capacity

KYWD USDC Pro Se 15 (Rev. 10/20)  Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3
- Name: Unknown HSI and FBI Agents
- Job or Title (if known): Special Agents
- Address: Unknown
- City / State / Zip Code
- County: Unknown
- Telephone Number: Unknown
- E-Mail Address (if known):

[✓] Individual capacity  [ ] Official capacity

Defendant No. 4
- Name:
- Job or Title (if known):
- Address:
- City / State / Zip Code
- County:
- Telephone Number:
- E-Mail Address (if known):

[ ] Individual capacity  [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[✓] Federal officials (a *Bivens* claim)

[ ] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Fourth Amendment rights were violated as there were illegal searches and seizures.

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?
1. The events giving rise to the claim occurred in Louisville, Kentucky.

B. What date and approximate time did the events giving rise to your claim(s) occur?
1. The illegal search and seizure occurred at February 17, 2021. However, other relevant dates are February 8, 2021, when the search warrant affidavit that had false information was submitted, and August 16, 2022 and September 9, 2022, where discovery revealed that the search was based on false information. More discovery provided in February 2023 revealed that agents had exceeded the scope of the search warrant.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
NOTE: PDF form has clipped a large portion of field C. To see all of section C, see printed attachment or electronic PDF form and scroll down. Plaintiffs are claiming a victim status, and names are redacted or pseudonyms are used throughout the document to mitigate them from further injury.

On February 8, 2021, Defendant Koski applied for a search warrant for the Property of Plaintiff based on supposed probable cause that 18 U.S.C. 2252(A)(a)(5)(B) (Accessing with Intent to view Child Porn) had been violated. In his affidavit, Defendant Koski modified a template that he had received at that point. He also had received screenshots of the CHATSITE that were dated May 28, 2019. The affidavit stated that images were on the Target Website at the time the alleged access occurred. However, this contradicted every other reference through the affidavit, which described the CHATSITE as a chatsite which only had text and/or links to other websites. Defendant Koski also said that someone would have to have a username and password to access the CHATSITE. Supplemental discovery that was released on August 16, 2022 and received by plaintiffs on September 9, 2022, revealed that there were no images on the CHATSITE and that Defendant Koski would have known that. Discovery also

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

J.I.W. fell into a semi-unconscious state during the February 17, 2021 search likely due to the physical or emotional stress of the search. Prior to this occurring, Agents had taken J.I.W out in to the elements while in his underwear for an extended period where the ground was snow covered and the temperature was 22F. Prior to the episode of falling in a semi-unconscious state J.I.W. had informed the Defendants that he had a heart conditions and a channelopathy condition. Despite this, Defendants did not attend to him and instead ignored him by continuing to move about the house - stepping back and forth over him while he was in the semi-unconscous state as he was in the walkway of the main foyer.

J.I.W was also subjected to a digitary and emotional harm during the unconstitutional detention during the search, in which he was forced to use the restroom while in full view and observed by numerous agents/officers.

Furthermore, while Jane Doe. did not suffer any physical harm, she suffered dignitary and emotional harm and injury from the February 17, 2021 search, where she was forced too use the restroom while in full view and observed by numerous officers. On December 9, 2021 the Defendents executed an illegal seizure of her and her vehicle during. These emotional injuries have proved delecterious to J.I.W and Jane Does relationship and has placed additional emotional strain and injury on J.I.W. (and others)

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The Court should conclude that

1. The actions of the Defendant violated the Fourth Amendment of the United States Constitution due to the illegal searches and seizures conducted.

2. Award compensatory damages of a minimum of $500,000 or whatever the court determines to be just. J.I.W. has lost income from the loss of his well paying job due to the illegal search and seizure. J.I.W. also has full expectation of encountering difficulties in finding future work as a result of the injury to reputation.

3. Award punitive damages in an amount of $1,000,000 dollars or more. J.I.W. and J.B.W. were subject to the willfull and malicious conduct of defendants.

4. Grant any additional relief the court determines to be just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case. **I declare under penalty of perjury that the information contained in this document is true and correct.**

Date of signing: 08/16/2023

Signature of Plaintiff

Printed Name of Plaintiff: J.I.W.

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney: Prepared with the assistane of counsel

Bar Number

Name of Law Firm

Address

City   State   Zip Code

Telephone Number

E-mail Address

Attachment

Statement of Claim Section III subsection C underlying facts attachment of complaint for violations of civil rights

On February 8, 2021, Defendant Koski applied for a search warrant for the Property of Plaintiff based on supposed probable cause that 18 U.S.C. 2252(A)(a)(5)(B) (Accessing with Intent to view Child Porn) had been violated. In his affidavit, Defendant Koski modified a template that he had received at that point. He also had received screenshots of the CHATSITE that were dated May 28, 2019. The affidavit stated that images were on the Target Website at the time the alleged access occurred. However, this contradicted every other reference through the affidavit, which described the CHATSITE as a chatsite which only had text and/or links to other websites. Defendant Koski also said that someone would have to have a username and password to access the CHATSITE. Supplemental discovery that was released on August 16, 2022 and received by plaintiffs on September 9, 2022, revealed that there were no images on the CHATSITE and that Defendant Koski would have known that. Discovery also revealed that the tip which Defendant Koski relied on did not impart any information that anyone at the residence of Plaintiffs had used internet connection to logon to the Target Website or view any images.

This release of discovery also revealed that Agent Koski and the other defendants had no knowledge of any username or password and that no evidence existed that anyone at Plaintiff's residence accessed the CHATSITE, nor.

1. On February 17, 2021, numerous violations of the search warrant were made while the search warrant was executed. First, all the Defendants exceeded the scope of the search by searching for possession of images, even though the search warrant was for accessing with intent to view. The search warrant stated that there was no authorization for law enforcement to compel individuals at the premises to provide biometric features to unlock or access any device. Despite this, Defendants Koski, Huffines, and other unknown agents compelled Jane Doe. to provide passwords and grant access to her cell phone, personal computer, wireless network, company computer, and company computer network. The agents violated their warranted authorization when they compelled her to unlock those devices.

2. Moreover, during the search, J.I.W. and Jane Doe., were totally restricted in their movements. The demeanor of the agents made clear they were not free to leave or access their vehicles, and their phones were confiscated. J.I.W. was taken barefoot and in his underwear and forced to sit in a snow-covered chair in public in front of his home. Agents used their hands to firmly guide J.I.W. and Jane Doe at times to different places in the house where they wanted them. Due to the outdoor temperatures and the state of dress, it was unsafe for J.I.W. or Jane Doe to leave the premises on foot.  Both J.I.W. and Jane Doe. were observed by agents while they used the restroom. J.I.W. was unable to contact a lawyer during the search and was not provided the warrant to review until over an hour after the search started. In addition, defendant agents failed to render aid when J.I.W. was in a semi unconscious state. The agents also used unreasonable force and pointed their guns at the Plaintiffs, who were unarmed, do not own firearms, when the agents arrived to conduct the search. During the search, Defendant agents

Attachment

damaged shelving in the home by attempting to use them as a ladder; they did not report the damage.

3. During the search of the residence, agents found nude photographs of J.I.W and displayed them to other agents.

4. J.I.W. had his hands/fingerprints/biometrics non-consensually digitally scanned/imaged under threat of arrest during the search.

5. Finally, Defendant Koski searched 2 vehicles on February 17, 2021 without the consent of the owners. One of the vehicles was not located at the address of the search warrant but was located several hundred feet away at a different postal addresses. Minor damages to the driver side and passenger doors resulted.

6. Discovery provided on February 2023 shows this. Due to the search, J.I.W. has lost his job and suffered pecuniary and emotional harm.

Attachment Page 2 of 1
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
Section III, subsection C