FILED
JAMES J. VILT, JR. - CLERK

AUG 16 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

J.I.W.

      Plaintiffs,

v.

John C. Koski Jr., Michael Huffins,
and Unknown HSI and FBI Agents,

      Defendants.

Case No. 3:23cv428DJH

### MOTION TO SEAL AND TO HOLD CASE IN ABEYANCE

Comes now the plaintiff respectfully submitting to the honorable court that a motion to seal the Complaint and further documents in this case be granted, and that the court hold the case in abeyance. In support of the motion, the Plaintiff respectfully submits:

**Motion to Seal**

1. Local Rule 5.6 of the Western District of Kentucky allows the court to order that documents be sealed.

2. While there is a presumption of public access, the "most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

    a. Information deemed of value to the public can have plaintiff/victim identifying information redacted to mitigate further injury.

3. The majority of information in this case is personal to both Plaintiffs and Defendants and release of it would undoubtedly be injurious to their reputation in the community.

4. This case is related to an ongoing criminal investigation, where most of the information is covered by a protective order and is required to be filed under seal.

5. Therefore, the undersigned requests that the Honorable court enter an order sealing all documents in this case, including the complaint.[1]

6. Even if the Court is not willing to seal all documents at this time, the court should seal the complaint or the parts of the complaint that provide personally identifying information and also any parts that reference the facts related to the illegal searches and seizures because Plaintiff would be subject to harassment otherwise. *See Detillion v. Ohio Dep't of Rehab & Corr.*, 2023 U.S. Dist. LEXIS 134796 at *5 (S.D. Ohio August 2, 2023) (Unpublished opinion).

**Motion to Hold Case In Abeyance**

7. The undersigned also respectfully requests that the court grant an order to hold the case in abeyance after the initial pleadings.

8. The factors a district court may weigh when deciding whether to stay a civil case pending criminal proceedings include

    (1) the extent of overlap between issues in the criminal case and civil case;

    (2) the case's status, including whether the defendants have been indicted;

    (3) the private interest of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

    (4) the burden on the defendants and their private interests;

    (5) the interest of the courts;

    (6) the public interest;

    (7) the extent to which the defendant's Fifth Amendment rights are implicated; and

---

[1] There is a protective order in the criminal case. The undersigned respectfully request that the protective order in that case extend to this case.

(8) whether granting the stay will further the interest in economical use of judicial time and resources.

See *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014); *see also Prudential Ins. Co. of Am. v. Blanton*, 118 F. Supp. 3d 980, 984 (N.D. Ohio 2015).

9. The first factor weighs in favor of a stay because the issues of whether the February 17, 2020 search and seizure were unlawful is an issue in both this case and the criminal case. *See F.T.C.*, 767 F.3d at 628 (no overlap when no criminal case existed yet).

10. The second factor weighs in favor of granting a stay because Plaintiff J.I.W. has been indicted in the criminal case. *See id.* ("courts generally do not stay proceedings in the absence of an indictment").

11. The third factor weighs in favor of granting a stay because the Plaintiffs are concerned with defending their criminal case at the present time and because plaintiff(s)/victims do not claim to be prejudiced by a delay at this time. *See id.* at 628-29 (Third Factor weighed against granting a stay because Plaintiffs were desperate to recover lost funds as quickly as possible).

12. The fourth factor weighs in favor of granting a stay because Defendants would not want to deal with defending their civil case while they are also involved with the criminal case.

13. The fifth factor may favor denying a stay because the stay could continue for a while as the criminal case is ongoing. *See id.* at 629.

14. The sixth factor, the public interest, weighs in favor of granting a stay. *Prudential Ins. Co.*, 118 F. Supp. 3d at 985 (when a prosecution is underway, public interest in staying proceeding is substantial).

3

15. The seventh factor may weigh in favor of denying a stay because it's not clear if the defendant's fifth amendment rights are implicated.

16. The eighth factor favors granting a stay because determination of the criminal matter will expedite the determination of the issues in the civil case. *See id.*

Therefore, the Plaintiff respectfully request that the court enters an order:

(a) Granting the motion to seal, and

(b) Granting the motion to hold the case in abeyance pending the criminal case.

(c) extend the protective order to this case.

Dated: August 16, 2023

Respectfully submitted,

J.I.W., pro se client
Written with initial assistance of counsel