## UNITED STATES DISTRICT COURT
### for the Western District of Kentucky

J.I.W.
c/o PO Box 2134
Danville, Kentucky, 40203

FILED
JAMES J. VILT, JR. - CLERK

SEP 15 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| | |
|---|---|
| **J.I.W.** ) | |
| *Plaintiff* ) | |
| *v.* ) | |
| ) | |
| ██ ██ ██ ██ ██ ██ ) | Civil Action No. 3:23CV-428-DJH |
| and Unknown HSI and FBI Agents ) | |
| *Defendants* ) | |
| ) | |
| ) | |

### MOTION TO ALLOW PHASED SERVICE OF SUMMONSES ON UNKNOWN DEFENDANTS AND TOLLING OF STATUTE OF LIMITATIONS

Pursuant to Federal Rule of Civil Procedure 4, Plaintiff J.I.W hereby moves this Court for an Order allowing phased service of the summonses on the Defendants in the above-captioned matter for the reasons set forth below.

### Preferred Phases for the Service of Summonses

I. Immediate Service of Summonses on Known Agents

- ██ ██ ██
- ██ ██

Immediate Service of Summons on one unknown agent

- Homeland Security Investigations (HSI) Boston Resident Agent (who is believed to be one Agent ██ ██ who is alleged to have sent the information packet to Agent ██  ██ ██ ██

II. Delay of Additional Summonses on Unknown Agents

The Plaintiff respectfully requests that the Court allow for the issuance of summonses but delay the service of summonses without penalty and toll the statute of limitations, for any unknown John and/or Jane Doe persons until such time as discovery can adequately identify these individuals.  Because any attempt to substitute the proper defendants will occur after the limitations period has expired, the claims against them would be time-barred in the absence of equitable tolling.

**IN THE ALTERNATIVE:** should the Court deny this request for phased service of summonses and find it necessary to issue and also serve summonses for all agents, known and unknown, at this stage, the Plaintiff respectfully requests the court allow plaintiff to serve (via the U.S. Marshals or other) the summonses for unknown agents at the headquarters of the HSI and Federal Bureau of Investigation (FBI), as well as the likely address of the FBI/HSI joint Child Exploitations Operation Unit (CEOU) in Boston.  Additionally to toll the statute of limitations under the given circumstances.

**ARGUMENTS:**

A. Minimizing Undue Attention to the named agents

Delaying/tolling the service of summons for unknown agents would not only reduce administrative difficulties and unnecessary expenditures at the HSI and FBI headquarters in what to do with a summons of an "unknown agent" but would also minimize undue attention towards the known agents during these preliminary filings.  Delay could be until such time as discovery has been reviewed for exculpatory information or additional culpability of the known agents.  This serves the interests of justice, privacy, professional reputation, and procedural efficiency:

- Immediate service on unknown agents could result in negative consequences on the known agents in the way of media scrutiny, negative impact on the professional reputations, and/or stigmatization of known agents who have not yet been found culpable of any wrongdoing. This could impact their professional

2

standing and morale, affecting their performance and the performance of the agencies they belong to.

- By allowing phased service of summonses, the Court will be minimizing potential legal costs for all parties involved, as well as reducing the workload of agency staff who would otherwise be involved in the service and identification processes."

B. Delay/Toll until discovery has been reviewed.

"Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." Green v. Doe, 260 Fed. Appx. 717, *3 (5th Cir. 2007), citing Colle v. Brazos County, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); see also Murphy v. Kellar, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants); Hittle v. City of Garland, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same). Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. See Murphy, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); Green, 260 Fed. Appx. 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); Bivens, 403 U.S. 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records); Munz v. Parr, 758 F.2d 1254 (8th Cir. 1985) (unknown defendant was named with known defendants).

C. TOLLING

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases [and Bivens] cases. Wallace v. Kato, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir.

2001). Kentucky has a one-year statute of limitations for personal injury claims so the Plaintiff would ordinarily have one year from the date the claim accrued to file suit.

While state law determines the length of the § 1983 [and Bevin's] limitations period, federal law determines the accrual date. Wallace, 549 U.S. at 388; Walker v. Epps, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action", or "when the plaintiff can file suit and obtain relief." Wallace, 549 U.S. at 388 (citation and internal quotation marks omitted).  The "when the plaintiff knew or should have known" principle.

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "
>> (1) The existence of the injury; and
>> (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that they have a legal cause of action; they need know only the facts that would ultimately support a claim.
>
> Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

The applicable limitations period may be equitably tolled in appropriate circumstances. A Texas case provides an excellent quote: See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." Id. "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." See FDIC v. Dawson, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999); Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

A plaintiff may be entitled to equitable tolling of the limitations period so as to permit amendment of his complaint to properly name a Doe defendant after limitations have run. See Green, 260 Fed. Appx. 717, at *2. In Green, the Fifth Circuit found entitlement to equitable

tolling where the plaintiff had filed suit filed eleven months before limitations expired and diligently sought to discover the identity of the Doe defendant but had been prevented from doing so by repeated denials of his discovery motions. Id. 2-3.  In that case as was in the J.I.W's criminal case, more than 500 days have elapsed with multiple attempts to obtain Brady materials (*Brady v. Maryland)* and other requested discovery from the government via discovery and Freedom of Information Act (FOIA) requests to no avail, and the litigation of that discovery and the FOIA requests continues.  Without the requested discovery or FOIA, the plaintiff is still unable to identify the unknown persons.

In a sixth circuit court of appeals opinion Nathaniel Brent v. Wayne cty. Dept of Human servs., 901 F.3d 656(6th Cir. 2018) the appeals court agreed with the district court and affirmed… the Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). The district court therefore did not abuse its discretion in allowing equitable tolling in this case. See Truitt v. Cty. of Wayne, 148 F.3d 644, 648 (6th Cir.1998).

D. Table describing preferred phases for service of summonses

| Phase | Description |
|---|---|
| Phase I | Service of Summonses of Known agents (and preliminary administrative motions) |
| Phase II | Preliminary Discovery to determine unknown agents, toll services of summonses until preliminary discovery is complete |
| Phase III | Service of Summonses on Unknown Agents (now known described as known agents/persons) |
| Phase IV | Hold case in abeyance until criminal matter is resolved |
| Phase V | Proceed with normal civil litigation |

**CONCLUSION**

Given the above arguments, it is left to the Court's discretion whether or not to issue and/or serve the summons for unknown agents at this time. The Plaintiff seeks the Court's guidance on this matter. Plaintiff further respectfully requests that an ORDER be entered tolling the statute of limitations for all unknown defendants.

Additionally, as a measure to continue acting in good faith, a redacted copy of each of the summonses and this motion has been provided which is compliant with the motion to seal and the protective order.

Respectfully Submitted,

J.I.W
Pro Se_____
PO Box 2134 Woodbourne
Danville, Kentucky 40203
John.Doe.Plaintiff.Kentucky@gmail.com

Signed:_____

Dated:_____

6

# UNITED STATES DISTRICT COURT
## for the Western District of Kentucky

J.I.W.
c/o PO Box 2134
Danville, Kentucky, 40203

| | |
|---|---|
| **J.I.W.** ) | |
|    *Plaintiff* ) | |
|    *v.* ) | |
| ) | |
| ████████████ ) | Civil Action No. 3:23CV-428-DJH |
| and Unknown HSI and FBI Agents ) | |
|    *Defendants* ) | |
| ) | |
| ) | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### ORDER

Motion to allow a phased service of summonses on unknown agents and tolling of the statute of limitations having been made, and the Court being otherwise sufficiently advised, it is HEREBY ORDERED: 1. that service to UNKNOWN DEFENDANTS be postponed until further notice; and 2. The statute of limitations be TOLLED until unknown defendants have been identified and served.

**ORDERED**, that the plaintiff's motion is **GRANTED**.

SO ORDERED this _____ day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
for the Western District of Kentucky

FILED

JAMES J. VILT, JR. - CLERK

SEP 15 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

J.I.W.
c/o PO Box 2134
Danville, Kentucky, 40203

J.I.W.                          )
        *Plaintiff*             )
          v.                    )
                                )
████ ██ ███ ██ █████            )     Civil Action No. 3:23CV-428-DJH
and Unknown HSI and FBI Agents  )
        *Defendants*            )
                                )
                                )

## MOTION TO ALLOW PHASED SERVICE OF SUMMONSES ON UNKNOWN DEFENDANTS

Pursuant to Federal Rule of Civil Procedure four, Plaintiff J.I.W hereby moves this Court for an Order allowing phased service of the summons on the Defendants in the above-captioned matter for the reasons set forth below.

## Preferred Phases for the Service of Summonses

I. Immediate Service of Summonses on Known Agents

- ███ ████ ████
- ████ █████

Immediate Service of Summonses on one unknown agent

- HSI Boston Resident Agent (whom is believed to be one Agent ███ ██ whom is alleged to have sent the information packet to Agent 

II. Delay of Additional Summonses on Unknown Agents

The Plaintiff respectfully requests that the Court allow for the issuance of summonses but delay/toll the service of summonses without penalty, for any unknown John and/or Jane Doe persons until such time as discovery can adequately identify these individuals.  Because any attempt to substitute the proper defendants will occur after the limitations period has expired, the claims against them would be time-barred in the absence of equitable tolling.[1]

**IN THE ALTERNATIVE:**, should the Court deny this request for phased service of summonses and find it necessary to issue and also serve summonses for all agents, known and unknown, at this stage, the Plaintiff respectfully requests the court allow plaintiff  to serve (via the U.S. Marshalls or other) the summonses for unknown agents at the headquarters of the HSI and FBI, as well as the likely address of the FBI/HSI joint Child Exploitations Operation Unit (CEOU) in Boston.

<u>ARGUMENTS:</u>

A. Minimizing Undue Attention to the named agents

Delaying/tolling the service of summons for unknown agents would not only reduce administrative difficulties and unnecessary expenditures at the HSI and FBI headquarters in what to do with a summons of an "unknown agent"  but would also minimize undue attention towards the known agents during these preliminary filings.  Delay could be until such time as discovery has been reviewed for exculpatory information or additional culpability of the known agents.  This serves the interests of justice, privacy, professional reputation, and procedural efficiency:

---

[1]Fed. R. Civ. P. 15(c)(1)(C) provides that an amendment changing the name of a party to a pleading may relate back to the date of the original complaint for limitations purposes when there has been a mistake in identifying a defendant.
The Fifth Circuit has made clear that an amendment to substitute a named party for a John Doe defendant does not relate back under Rule 15(c) because use of a John Doe designation is the result of lack of knowledge rather than a mistake.
*Jacobsen v. Osborne*, 133 F.3d 315, 320-22 (5th Cir. 1998); see also *Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir. 2008) (post-limitations attempt to amend complaint to substitute named defendants for John Does was futile because claims did not relate back and therefore were time-barred).

- Immediate service on unknown agents could result in negative consequences on the known agents in the way of media scrutiny, negative impact on the professional reputations, and/or stigmatization of known agents who have not yet been found culpable of any wrongdoing. This could impact their professional standing and morale, affecting their performance and the performance of the agencies they belong to.
- By allowing phased service of summonses, the Court will be minimizing potential legal costs for all parties involved, as well as reducing the workload of agency staff who would otherwise be involved in the service and identification processes."

B. Delay/Toll until discovery has been reviewed.

"Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." Green v. Doe, 260 Fed. Appx. 717, *3 (5th Cir. 2007), citing Colle v. Brazos County, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); see also Murphy v. Kellar, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants); Hittle v. City of Garland, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same). Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. See Murphy, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); Green, 260 Fed. Appx. 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); Bivens, 403 U.S. 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records); Munz v. Parr, 758 F.2d 1254 (8th Cir. 1985) (unknown defendant was named with known defendants).

C. TOLLING

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases [and Bivens] cases. Wallace v. Kato, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). Kentucky has a one-year statute of limitations for personally injury claims so the Plaintiff would ordinarily have one year from the date the claim accrued to file suit.

While state law determines the length of the § 1983 [and Bevin's] limitations period, federal law determines the accrual date. Wallace, 549 U.S. at 388; Walker v. Epps, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action", or "when the plaintiff can file suit and obtain relief." Wallace, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "
>
> > (1)  The existence of the injury; and
> > (2)  causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that they have a legal cause of action; they need know only the facts that would ultimately support a claim.
>
> Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

The applicable limitations period may be equitably tolled in appropriate circumstances. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." Id. "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." See FDIC v. Dawson, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999); Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

A plaintiff may be entitled to equitable tolling of the limitations period so as to permit amendment of his complaint to properly name a Doe defendant after limitations has run. See Green, 260 Fed. Appx. 717, at *2. In Green, the Fifth Circuit found entitlement to equitable tolling where the plaintiff had filed suit filed eleven months before limitations expired and diligently sought to discover the identity of the Doe defendant but had been prevented from doing so by repeated denials of his discovery motions. Id. 2-3.  In that case as was in the J.I.W's criminal case, more than 600 days have elapsed with multiple attempts to obtain brady materials and discovery from the government to no avail, and the litigation of that discovery continues.


## CONCLUSION

Given the above arguments, it is left to the Court's discretion whether or not to issue and or serve the summons for unknown agents at this time. The Plaintiff seeks the Court's guidance on this matter and requests that an ORDER be issued in accordance with this motion.

Additionally, as a measure to continue acting in good faith, a redacted copy of each of the summonses and this motion has been provided which is compliant with the motion to seal and the protective order.


Respectfully Submitted

J.I.W
Pro Se
PO Box 2134 Woodbourne
Danville, Kentucky 40203
John.Doe.Plaintiff.Kentucky@gmail.com


Signed:_____


Dated:_____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the Western District of Kentucky

| | | |
|---|---|---|
| J.I.W | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No.  3:23CV-428-DJH |
| ▮▮▮▮▮ | ) ) | |
| and Unknown HSI and FBI Agents | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Resident Agent ▮▮▮
Dept of Homeland Security
HSI Boston- CEOU joint operation,
10 Causeway Street - Room #722
Boston, MA 02222

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.I.W;
c/o PO BOX 2134
Danville, Kentucky 40203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)*  _____

    ☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* ___ _____ , and mailed a copy to the individual's last known address; or

    ☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ☐ I returned the summons unexecuted because _____ ; or

    ☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____


I declare under penalty of perjury that this information is true.


Date: _____        _____
                                               *Server's signature*

                              _____
                                           *Printed name and title*

                              _____
                                           *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Western District of Kentucky

| | | |
|---|---|---|
| J.I.W | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:23CV-428-DJH |
| | ) | |
| ▆▆▆▆▆ | ) | |
| and Unknown HSI and FBI Agents | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Unknown Agent John/Jane Doe associated with Operation Code ▆
Office of General Counsel
U.S. Dept of Homeland Security,
245 Murray Lane SW - Mail Stop 0485
Washington, D.C. 20528-0075

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.I.W;
c/o PO BOX 2134
Danville, Kentucky 40203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

  ☐ I personally served the summons on the individual at *(place)* _____

  _____ on *(date)* _____ ; or

  ☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

  _____ , a person of suitable age and discretion who resides there,

  on *(date)* _____ _____ , and mailed a copy to the individual's last known address; or

  ☐ I served the summons on *(name of individual)* _____ , who is

  designated by law to accept service of process on behalf of *(name of organization)* _____

  _____ on *(date)* _____ ; or

  ☐ I returned the summons unexecuted because _____ ; or

  ☐ Other *(specify):*



  My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00____

  I declare under penalty of perjury that this information is true.


Date: _____        _____
                                              *Server's signature*

                                   _____
                                              *Printed name and title*


                                   _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Western District of Kentucky

| | | |
|---|---|---|
| J.I.W | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.   3:23CV-428-DJH |
| ▬▬▬▬▬ | ) | |
| and Unknown HSI and FBI Agents | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Unknown Agent John or Jane Doe associated with Operation Code ▬
Dept of Homeland Security -
HSI Boston- CEOU joint operation,
10 Causeway Street - Room #722
Boston, MA 02222

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.I.W;
c/o PO BOX 2134
Danville, Kentucky 40203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                        *Server's signature*

                                        _____
                                                        *Printed name and title*

                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Western District of Kentucky

| | | |
|---|---|---|
| J.I.W | ) | |
| *Plaintiff* | ) ) | |
| v. | ) ) | Civil Action No.   3:23CV-428-DJH |
| and Unknown HSI and FBI Agents | ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Unknown Agent John/Jane Doe associated with HSI Operation Code ▮
Federal Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Avenue NW
Washington, D.C. 20535-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.I.W;
c/o PO BOX 2134
Danville, Kentucky 40203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

◻ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

◻ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ _____ , and mailed a copy to the individual's last known address; or

◻ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

◻ I returned the summons unexecuted because _____ ; or

◻ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                              *Server's signature*

                                                  _____
                                                              *Printed name and title*


                                                  _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the Western District of Kentucky

| | | |
|---|---|---|
| J.I.W | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.   3:23CV-428-DJH |
| | ) | |
| ▆▆▆▆▆▆ | ) | |
| and Unknown HSI and FBI Agents | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Unknown Agent John/Jane Doe associated with HSI Operation Code ▆▆▆
Federal Bureau of Investigation
FBI Boston - Child Exploitation Operation Unit (CEOU) Joint Task force
201 Maple St, Chelsea, MA 02150

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.I.W;
c/o PO BOX 2134
Danville, Kentucky 40203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* ___ _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.


Date: _____      _____
                                            *Server's signature*

                                            _____
                                            *Printed name and title*


                                            _____
                                            *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Western District of Kentucky

| | |
|---|---|
| J.I.W | ) |
| *Plaintiff* | ) |
| | ) |
| v. | )   Civil Action No.   3:23CV-428-DJH |
| ▮▮▮▮▮ | ) |
| and Unknown HSI and FBI Agents | ) |
| *Defendant* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

▮▮▮
Dept of Homeland Security,
601 W Broadway #114
Louisville, KY 40202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.I.W;
PO BOX 2134
Danville, Kentucky 40203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                         *Server's signature*

                                  _____
                                         *Printed name and title*

                                  _____
                                         *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Western District of Kentucky

| | | |
|---|---|---|
| J.I.W | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:23CV-428-DJH |
| �built▮▮▮▮▮▮ and Unknown HSI and FBI Agents | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

▮▮ ▮ ▮▮▮▮
Dept of Homeland Security,
601 W Broadway #114
Louisville, KY 40202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.I.W;
PO BOX 2134
Danville, Kentucky 40203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

◻ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

◻ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* ___  _____ , and mailed a copy to the individual's last known address; or

◻ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

◻ I returned the summons unexecuted because _____ ; or

◻ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date: _____     _____
                                              *Server's signature*

                               _____
                                              *Printed name and title*

                               _____
                                              *Server's address*

Additional information regarding attempted service, etc: