IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| J.I.W.<br>℅ PO Box 2134<br>Danville Kentucky 40203<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>John C. Koski Jr., Michael Huffines,<br>and Unknown HSI and FBI Agents,<br><br>　　　Defendants. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | Case No. 3:23CV-428-DJH |

MOTION TO SEAL AND TO HOLD CASE IN ABEYANCE

# EXHIBIT A

Page 1
Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                                                            CRIMINAL NO. ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮                                                       DEFENDANT

## REVISED PROTECTIVE ORDER

This matter is before the Court on motion of the United States of America for entry of a Discovery Protective Order, and the Court having considered the motion and being fully advised in this matter, herby enters the following **PROTECTIVE ORDER**:

1. This Protective Order governs all discovery material in any format (written or electronic), and information contained therein, that is produced or has already been produced by the government in discovery in the above captioned case.

2. The United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the discovery materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

3. The attorneys of record and members of the defense team may display and

review the discovery materials with the Defendant and third-party witnesses but must maintain possession of those materials. The attorneys of record and members of the defense team acknowledge that providing copies of the discovery materials to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of discovery materials to the Defendant and other persons.

4. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure.

5. Any discovery material, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. The provisions of this Order shall not terminate at the conclusion of this prosecution.

7. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorneys of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of

Kentucky, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

8. Any discovery materials provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Sixth Circuit or Supreme Court of the United States.

9. If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

2022

David J. Hale, Judge
United States District Court