FILED
JAMES J. VILT, JR. - CLERK

SEP 15 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

J.I.W.
℅ PO Box 2134
Danville Kentucky 40203

    Plaintiffs,

v.

████████████████
and Unknown HSI and FBI Agents,

    Defendants.

Case No. 3:23CV-428-DJH

## MOTION TO SEAL AND TO HOLD CASE IN ABEYANCE

Comes now the plaintiff respectfully submitting to the honorable court that a motion to seal the Complaint and further documents in this case be granted, and that the court hold the case in abeyance. In support of the motion, the Plaintiff respectfully submits:

**Motion to Seal**

1. Local Rule 5.6 of the Western District of Kentucky allows the court to order that documents be sealed.

2. While there is a presumption of public access, the "most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

    a. Information deemed of value to the public can have plaintiff/victim identifying information redacted to mitigate further injury.

3. The majority of information in this case is personal to both Plaintiffs and Defendants and release of it would undoubtedly be injurious to their reputation in the community.

4. This case is related to an ongoing criminal investigation, where most of the information is covered by a protective order and is required to be filed under seal.

5. Therefore, the undersigned requests that the Honorable court enter an order sealing all documents in this case, including the complaint.[1]

6. Even if the Court is not willing to seal all documents at this time, the court should seal the complaint or the parts of the complaint that provide personally identifying information and also any parts that reference the facts related to the illegal searches and seizures because Plaintiff would be subject to harassment otherwise. *See Detillion v. Ohio Dep't of Rehab & Corr.*, 2023 U.S. Dist. LEXIS 134796 at *5 (S.D. Ohio August 2, 2023) (Unpublished opinion).

**Motion to Hold Case In Abeyance**

7. The undersigned also respectfully requests that the court grant an order to hold the case in abeyance after the initial pleadings.

8. The factors a district court may weigh when deciding whether to stay a civil case pending criminal proceedings include

    (1) the extent of overlap between issues in the criminal case and civil case;

    (2) the case's status, including whether the defendants have been indicted;

    (3) the private interest of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

    (4) the burden on the defendants and their private interests;

    (5) the interest of the courts;

    (6) the public interest;

---

[1] There is a protective order in the criminal case. The undersigned respectfully request that the protective order in that case extend to this case.

(7) the extent to which the defendant's Fifth Amendment rights are implicated; and

(8) whether granting the stay will further the interest in economical use of judicial time and resources.

*See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014); *see also Prudential Ins. Co. of Am. v. Blanton*, 118 F. Supp. 3d 980, 984 (N.D. Ohio 2015).

9. The first factor weighs in favor of a stay because the issues of whether the February 17, 2020 search and seizure were unlawful is an issue in both this case and the criminal case. *See F.T.C.*, 767 F.3d at 628 (no overlap when no criminal case existed yet).

10. The second factor weighs in favor of granting a stay because Plaintiff J.I.W. has been indicted in the criminal case. *See id.* ("courts generally do not stay proceedings in the absence of an indictment").

11. The third factor weighs in favor of granting a stay because the Plaintiffs are concerned with defending their criminal case at the present time and because plaintiff(s)/victims do not claim to be prejudiced by a delay at this time. *See id.* at 628-29 (Third Factor weighed against granting a stay because Plaintiffs were desperate to recover lost funds as quickly as possible).

12. The fourth factor weighs in favor of granting a stay because Defendants would not want to deal with defending their civil case while they are also involved with the criminal case.

13. The fifth factor may favor denying a stay because the stay could continue for a while as the criminal case is ongoing. *See id.* at 629.

14. The sixth factor, the public interest, weighs in favor of granting a stay. *Prudential Ins. Co.*, 118 F. Supp. 3d at 985 (when a prosecution is underway, public interest in staying proceeding is substantial).

15. The seventh factor may weigh in favor of denying a stay because it's not clear if the defendant's fifth amendment rights are implicated.

16. The eighth factor favors granting a stay because determination of the criminal matter will expedite the determination of the issues in the civil case. *See id.*

Therefore, the Plaintiff respectfully request that the court enters an order:

(a) Granting the motion to seal, and

(b) Granting the motion to hold the case in abeyance pending the criminal case.

(c) extend the protective order to this case.

Dated: September 13, 2023                              Respectfully submitted,

                                                       J.I.W., pro se client

                                                       Written with initial assistance of counsel
                                                       _____
                                                       ℅ P.O. BOX 2134
                                                       Danville, Kentucky 40203
                                                       John.Doe.Plaintiff.kentucky@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| J.I.W.<br>℅ PO Box 2134<br>Danville Kentucky 40203<br><br>    Plaintiffs,<br><br>v.<br><br><br>and Unknown HSI and FBI Agents,<br><br>    Defendants. | } } } } } } } } } } } } } } | Case No. 3:23CV-428-DJH |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

**ORDER GRANTING MOTION OF PLAINTIFFS TO SEAL THE CASE AND TO HOLD THIS CASE IN ABEYANCE**

This matter, having come before the court on Plaintiffs' motion to seal and hold the case in abeyance,

The Honorable Court now finds, upon argument, that

The most compelling reasons exist that justify the non-disclosure of judicial records.

The court also finds that the balance of the factors weighs in favor of holding the case in abeyance due to the pending criminal charge against Plaintiff.

Therefore, the Honorable Court now orders that

1. The documents filed with the Court in this case shall be placed under seal by the Clerk, and not made a part of the public record in this case.

2. The name of the case shall use pseudonyms and not reveal the real name of any of the plaintiffs or victims in any publicly available records.

3. Defendants and counsel shall not in any manner, directly or indirectly, transfer the documents or copies of the documents, or communicate, orally or in writing, any of the data contained in the documents to any person other than for purposes directly related to trial of this cause, and any person to whom communication is made shall be bound by the terms of this Order.
4. The case be held in abeyance pending the criminal case.
5. The case be placed under seal while it is held in abeyance to prevent prejudice against the plaintiff(s)/victims and prevent retribution by the criminal prosecution and their witnesses against the plaintiff(s)/victims.
6. Extend the protective order from the criminal case to this case.
7. Any document deemed to be of valuable to the public will be redacted before being unsealed.

The court, having considered the Plaintiff's motion to seal the CASE, and ALL RELATED DOCUMENTS in this case, and HOLD THIS CASE IN ABEYANCE is herby,

ORDERED, that the plaintiff's motion is **GRANTED**.

**SO ORDERED** this _____ day of September, 2023.

_____
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| J.I.W.<br>% PO Box 2134<br>Danville Kentucky 40203<br><br>Plaintiffs,<br><br>v.<br><br>███ ██ ████ █████ █████<br>and Unknown HSI and FBI Agents,<br><br>Defendants. | Case No. 3:23CV-428-DJH |

**MOTION TO SEAL AND TO HOLD CASE IN ABEYANCE**

# EXHIBIT A

Page 1
Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                       PLAINTIFF

v.                                              CRIMINAL NO. ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮                                                       DEFENDANT

## REVISED PROTECTIVE ORDER

This matter is before the Court on motion of the United States of America for entry of a Discovery Protective Order, and the Court having considered the motion and being fully advised in this matter, herby enters the following **PROTECTIVE ORDER**:

1. This Protective Order governs all discovery material in any format (written or electronic), and information contained therein, that is produced or has already been produced by the government in discovery in the above captioned case.

2. The United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the discovery materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

3. The attorneys of record and members of the defense team may display and

review the discovery materials with the Defendant and third-party witnesses but must maintain possession of those materials. The attorneys of record and members of the defense team acknowledge that providing copies of the discovery materials to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of discovery materials to the Defendant and other persons.

4. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure.

5. Any discovery material, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. The provisions of this Order shall not terminate at the conclusion of this prosecution.

7. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorneys of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of

Kentucky, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

8. Any discovery materials provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Sixth Circuit or Supreme Court of the United States.

9. If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

████ 2022

David J. Hale, Judge
United States District Court

3