UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

J.I.W.,                                                                          Plaintiff,

v.                                                          Civil Action No. 3:23-cv-428-DJH

JOHN C. KOSKI, JR. et al.,                                                   Defendants.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff J.I.W., proceeding pro se[1] and anonymously, brought this *Bivens* action against

federal law-enforcement agents John C. Koski, Jr.; Michael Huffines[2]; and additional unknown

Homeland Security Investigations and Federal Bureau of Investigation agents, alleging

unconstitutional search and seizure.  (Docket No. 1)  J.I.W. moves to seal the filings in this case

(D.N. 3; D.N. 6), hold the case in abeyance (*id.*), and amend the complaint.  (D.N. 8)  He also

requests service by the U.S. Marshals Service.  (D.N. 7)  As set forth below, the Court will deny

the motions to seal and to hold the case in abeyance, grant the motion to amend the complaint, and

deny the motion for service by U.S. Marshals.  In addition, J.I.W. will be directed to file an

amended complaint or show cause why he should be permitted to proceed anonymously.

**I.**

In ruling on a motion to seal, "a court must balance the litigants' privacy interests against

the public's right of access."  *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d

589, 594 (6th Cir. 2016).  The Sixth Circuit has "long recognized a 'strong presumption in favor

---

[1] Although J.I.W. is proceeding pro se, some of J.I.W.'s filings indicate that they were prepared with the assistance of counsel.  (D.N. 1, PageID.6; D.N. 3, PageID.13)

[2] The complaint misspells Defendant Michael Huffines's name as "Michael Huffins."  (*See* D.N. 8)

of openness' regarding court records." *Id.* at 593 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Thus, "a court's discretion to seal its records is bounded by a 'long-established legal tradition' of the 'presumptive right of the public to inspect and copy judicial documents and files.'" *Id.* (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983)).

A party may overcome the presumption in favor of openness, however, if the judicial records (1) contain a trade secret, *see Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016); (2) contain "[c]ommercially sensitive business information," *N. Harris Comput. Corp. v. DSI Invs., LLC*, 608 F. Supp. 3d 511, 530 (W.D. Ky. 2022) (citation omitted); (3) are "required by statute to be maintained in confidence," *Rudd Equip. Co.*, 834 F.3d at 595 (citing *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002)); or (4) "pertain[] to financial and personal health records." *Edelstein v. Stephens*, No. 1:17-CV-305, 2018 WL 4854593, at *4 (S.D. Ohio Oct. 5, 2018). But "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp., Inc.*, 825 F.3d at 305 (citing *Press–Enter. Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 509–11 (1984)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305–06 (quoting *Baxter Int'l, Inc.*, 297 F.3d at 548).

J.I.W. moves to "seal all documents in this case." (D.N. 3, PageID.11 ¶ 5) According to J.I.W., "the majority of information in this case is personal to both Plaintiff[] and Defendants and release of it would undoubtedly be injurious to their reputation in the community." (*Id.*, PageID.10 ¶ 3) In the alternative, J.I.W. requests that the Court "seal the complaint or the parts of the complaint that provide personally identifying information and also any parts that reference the

facts related to the illegal searches and seizures because Plaintiff would be subjected to harassment otherwise." (*Id.*, PageID.11 ¶ 6 (citing *Detillion v. Ohio Dep't of Rehab. & Corr.*, No. 2:22-CV-2671, 2023 WL 4925415, at \*5 (S.D. Ohio Aug. 2, 2023))) J.I.W. also notes that "this case is related to an ongoing criminal investigation, where most of the information is covered by a protective order." (*Id.*, PageID.10 ¶ 4)

As an initial matter, J.I.W.'s motions do not "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc.*, 297 F.3d at 548). J.I.W. has not identified any state or federal statutes that require the record to be sealed. (*See* D.N. 3; D.N. 6) Nor has he identified any commercially sensitive business information, trade secrets, or personal or financial health records that would be revealed absent a seal. (*Id.*)

Even assuming that J.I.W.'s reputation is at stake, "[s]imply showing that the information would harm [his] reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *Rudd Equip. Co.*, 834 F.3d at 594. And that "is especially true here, where the [party] alleging harm from publicizing the mere existence of this case is the plaintiff—the party that chose to file suit." *Id.* As the plaintiff, J.I.W. "invoked the powers of the federal courts to arm [himself] for [his] dispute with [the defendants]; [he] cannot now claim exemption from the obligations of openness and public access concomitant with litigating in this forum." *Id.* at 596. In sum, "the harm that may befall [J.I.W.] should this case become public is simply not the sort of harm that sealing the court's record is aimed to prevent." *Id.* at 594. The Court will therefore deny J.I.W.'s motions to seal.

## II.

J.I.W. also moves to hold the case in abeyance until his related criminal case is resolved. (D.N. 3)   "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Baranski v. Fifteen Unknown Agents of ATF*, 195 F. Supp. 2d 862, 869 (W.D. Ky. 2002) (quoting *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations omitted)).   Accordingly, "courts have 'broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.'" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)).   "The decision to stay a case requires an examination of the specific circumstances, taking into account the competing interests involved." *Chao*, 498 F. Supp. 2d at 1037.   The factors that the Court must consider include

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether [J.I.W. has] been indicted; 3) the private interests of the [defendants] in proceeding expeditiously weighed against the prejudice to [the defendants] caused by the delay; 4) the private interests of and burden on [J.I.W.]; 5) the interests of the courts; and 6) the public interest.

*Id.*   Here, the defendants have not had an opportunity to respond to the motions and assert their interests because they have not yet been served.   Since the Court cannot properly weigh the defendants' interests, a stay is not appropriate at this time.   Thus, the Court will deny J.I.W.'s motions to hold the case in abeyance, but J.I.W. may file a renewed motion to stay the proceedings once the defendants have appeared.

## III.

J.I.W. moves to correct an error in the "original filing documents of the complaint." (D.N. 8)   He notes that the filings "mistakenly identif[y] one of the [d]efendants as 'Michael Huffins' instead of 'Michael Huffines.'"   (*Id.*, PageID.100)   Pro se filings are to be construed

liberally, *Erickson v. Pardus*, 551 U.S. 89, 96 (2007), so the Court will construe this as a motion for leave to amend the complaint.  "Under Federal Rule of Civil Procedure 15(a), '[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it' or within twenty-one days after service of a responsive pleading or certain motions." *Tolliver v. Noble*, 752 F. App'x 254, 261 (6th Cir. 2018) (quoting Fed. R. Civ. P. 15(a)(1)–(2)) (alteration in original).  Here, the defendants have not been served, and as a result have not filed a response to the complaint.  Thus, J.I.W. may amend his complaint as of right.  *See Washington v. Sanchez*, No. 21-CV-11725, 2021 WL 5040328, at *1 (E.D. Mich. Oct. 27, 2021) ("Because the complaint was not served on the defendants, and consequently, no response has been filed, [the plaintiff] may amend his complaint without leave of court pursuant to Fed. R. Civ. P. 15(a)"), *Tolliver*, 752 F. App'x at 261 (explaining that a pro se plaintiff was allowed to amend his complaint as of right where defendants had not been served or filed a motion to dismiss).  Accordingly, the Court will grant J.I.W.'s motion and order the Clerk of Court to correct the spelling in the docket.[3]

## IV.

Lastly, J.I.W. filed this suit anonymously without first seeking the Court's permission.  Under Federal Rule of Civil Procedure 10(a), "the complaint must name all parties."  "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).  The plaintiff carries the burden of "demonstrat[ing] that the need for anonymity outweighs

---

[3] J.I.W.'s motion did not include a proposed amended complaint.  (*See* D.N. 8)  "Although courts may (and in the ordinary course should) require an amendment's proponent to attach a copy of the proposed amended complaint for filing in the event the motion for leave to amend is granted, 'the motion itself is acceptable so long as it puts the opposing party on notice of the content of the amendment.'" *Shillman v. United States*, No. 99-3215, 2000 WL 923761, at *6 (6th Cir. June 29, 2000) (unpublished table decision).  Here, J.I.W.'s motion clearly explains the content of the minor amendment he requests, so the motion alone is sufficient.

both the presumption that a party's identity is public information and the risk of unfairness to the opposing party." *Doe v. Webster Cnty.*, No. 4:21-CV-93-JHM, 2022 WL 124678, at *1 (W.D. Ky. Jan. 12, 2022).  Relevant considerations include

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  An additional consideration is "whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio*, 123 F. App'x at 636.

"Ordinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym." *Id.* at 636.  But here, the docket does not reflect that J.I.W. has filed any such motion or made any other request to proceed anonymously.  The complaint only states that "Plaintiffs are claiming a victim status, and names are redacted or pseudonyms are used throughout the document to mitigate them from future injury." [4]  (D.N. 1, PageID.4)  "Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case[] because . . . 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Citizens for a Strong Ohio*, 23 F. App'x at

---

[4] Although J.I.W. is the only plaintiff named in the caption of the complaint, the complaint frequently refers to "Plaintiffs." (*See e.g.*, D.N. 1, PageID.4, 5, 7)  It appears that J.I.W. views himself and another individual, referred to in the complaint as "J.B.W." and "Jane Doe," as the plaintiffs in this action. (*See id.*, PageID.5, 7)  J.I.W., however, cannot proceed pro se on another person's behalf "[b]ecause, by definition, pro se means to appear on one's own behalf." *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *see also*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (explaining that 28 U.S.C. 1654 "does not permit plaintiffs to appear pro se when interests other than their own are at stake").

637 (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)).   Thus, because J.I.W. has not obtained permission to proceed anonymously, he must either amend the complaint to proceed under his legal name or show cause why this case should not be dismissed for lack of jurisdiction.  *See id.*

**V.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     J.I.W.'s motions to seal the case (D.N. 3; D.N. 6) are **DENIED**.  The Clerk of Court is **DIRECTED** to unseal the record of this matter.

(2)     J.I.W.'s motions to hold the case in abeyance (D.N 3; D.N 6) are **DENIED** without prejudice.  J.I.W. may move again to hold the case in abeyance once the defendants have appeared.

(3)     J.I.W.'s motion for leave to amend the complaint (D.N. 8) is **GRANTED**.  The Clerk of Court is **DIRECTED** to amend the docket to reflect the correct spelling of Defendant Michael Huffines's name.

(4)     Within **ten (10) days** of entry of this Order, J.I.W. **SHALL FILE** an amended complaint under his legal name or **SHOW CAUSE** why the Court should not dismiss this matter for lack of jurisdiction.

(5)     J.I.W.'s motion for service by the U.S. Marshals Service (D.N. 7) is **DENIED** without prejudice.  J.I.W. may renew this motion after filing an amended complaint or obtaining the Court's permission to proceed anonymously.

November 8, 2023

**David J. Hale, Judge**
**United States District Court**