IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| J.I.W.<br>℅ PO Box 2134<br>Danville Kentucky 40203<br><br>    Plaintiff,<br><br>v.<br><br>John C. Koski Jr., Michael Huffines,<br>and Unknown HSI and FBI Agents,<br><br>    Defendants. | Case No. 3:23CV-428-DJH |

## ORDER GRANTING PERMISSION TO PROCEED UNDER PSEUDONYM

Before the Court is the Motion of J.I.W, filed on 11/20/2023], requesting permission to proceed under a pseudonym in the above-captioned case. Upon due consideration of the motion, supporting documents, and the legal standards governing such requests, the Court finds the following:

Nature of the Case: This case involves a U.S. Citizen that has alleged a constitutional violation against them by U.S. federal agent or agents acting under the color of law which has resulted in injury. The allegations are of a very private and sensitive nature and further disclosure of his identity would likely bring further scrutiny by the community at large resulting in further injury to the plaintiff and jeopardize his safety and that of his family. The plaintiff is still engaged as a defendant in a criminal trial whereby anything he says in the civil matter can and would be used against him. The court does not find that preserving the plaintiff's anonymity is unfair to the defendants (hereinafter referred to as Federal Agents) in the Bivens action at this time.

Legal Standard: Given the following factors:
(1) when identification creates a risk of retaliatory physical or mental harm; even more critically, to innocent non-parties;
(2) the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;and

(3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution."
(4) whether the action is against a governmental or private party; and relatedly,
(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously

Findings: The Court finds that the Plaintiff has adequately demonstrated reasons supporting pseudonymity. Further, the Court concludes that these concerns outweigh the customary presumption of openness in judicial proceedings.

Precedents Considered: The Court has considered relevant legal precedents, including *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) and *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

Therefore, it is hereby ORDERED:

a) The Plaintiff is granted permission to proceed under the pseudonym J.I.W.

b) All future filings and references in this case shall use the pseudonym J.I.W. to refer to the Plaintiff.

c) The Plaintiff's true identity shall be disclosed to the Court and the Federal Agent(s) under a protective order to maintain confidentiality.

d) This Order is subject to modification by the Court if circumstances change or if it becomes necessary to ensure justice and fairness to all parties.

IT IS SO ORDERED.


Dated:



Honorable Judge Hale

United States District Judge


Page 13
11/20/2023