FILED
JAMES J. VILT, JR. - CLERK
NOV 2 0 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

J.I.W.
℅ PO Box 2134
Danville Kentucky 40203

    Plaintiff,

v.

John C. Koski Jr., Michael Huffines,
and Unknown HSI and FBI Agents,

    Defendants.

Case No. 3:23-CV-428-DJH

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF DISCLOSURE AND MOTION TO REQUEST THE COURT'S OPINION ON RECUSAL OF THE HONORABLE JUDGE HALE

Pursuant to 28 U.S.C. § 455, J.I.W, in the dual capacity of Plaintiff in the civil case and Defendant in a related ongoing criminal case presided over by the Honorable Judge Hale, respectfully informs the court of a potential conflict. This potential conflict may necessitate the recusal of Judge Hale in the civil matter, based on concerns of perceived ex parte communication due to the overlapping roles in both cases. This motion seeks to address this concern and does not impugn the impartiality or integrity of Judge Hale but instead only focuses on an uncommon technicality that has arisen by chance.

In support of this motion, the undersigned states as follows:

### I. INTRODUCTION

This motion is filed under the relevant subsections of 28 U.S.C. § 455 [(a), (b)(1), (b)(3)]. 28 U.S.C. § 455 in general mandates a federal Judge must be disqualified in any proceeding where their impartiality might reasonably be questioned. The plaintiff interprets this rule to include situations that may present a potential for unsanctioned ex parte communication.

## II. NATURE OF THE CONCERN

Judge Hale currently presides over both the criminal case, naming the plaintiff as the defendant, and the related civil matter. Although 28 U.S.C. § 455 does not specifically address a judge managing interconnected criminal and civil cases involving the same parties, the uncommon circumstances of these concurrent roles present potential concerns. Particularly, any motion practice in the civil case might be perceived by the government or the public as ex parte communication with Judge Hale, who also oversees the criminal case. This perception risk is heightened in situations involving sealed documents or the use of a pseudonym in the civil proceedings

This Pro Se plaintiff has been led to understand that the avoidance of ex parte communication is a fundamental aspect of maintaining the integrity of the judicial process, particularly in scenarios where a party is involved in simultaneous but separate criminal and civil proceedings before the same judge.  Therefore, where before ignorance of this parameter graced both the Judge and the plaintiff, now, the plaintiff is obliged to duly inform the judge that such a conflict may exist.

## III TIMELINESS

The need for this motion became apparent only after the judge declined a motion in the initial filings to hold the case in abeyance.  Then the consideration of motions related to proceeding under a pseudonym and protective orders in the civil case required arguments and facts, facts that may prove fatal to the prosecution's case in chief, and that have not yet been disclosed in the criminal case. The plaintiff acknowledges the delay in raising this issue and requests the court's understanding for not addressing this concern at the initial assignment of Judge Hale.

## III. JUSTIFICATION FOR RECUSAL

To prevent the conflicts or even the appearance of impropriety, and to preserve the fairness and integrity of both the civil and criminal proceedings, the court's opinion on the recusal in the civil matter is respectfully requested.  It aims to uphold judicial conduct standards and due process principles without suggesting any lack of impartiality by Judge Hale. Furthermore, this request is made with the foresight to circumvent any potential complications that may arise, including any appeal the government may consider filing following an acquittal or dismissal in the related criminal case. By addressing the issue of potential ex parte communication preemptively, the motion seeks to safeguard against any factors that could be perceived as influencing the

outcome of the criminal proceedings and thus affecting subsequent actions, including appeals, by the government.

### IV. CONCLUSION

Given the outlined concerns and the need to prevent any appearance of impropriety, it is respectfully submitted that the Honorable Judge Hale consider the potential conflicts arising from presiding over the civil case, in light of the simultaneous oversight of the related criminal matter and offer his judicial oversight on the question of recusal.

Respectfully submitted,

J.I.W
Pro Se
PO Box 2134
Danville, Kentucky 40203
John.Doe.Plaintiff.Kentucky@gmail.com

Signed: _____

Dated: 11/20/2023