UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

J.I.W.,                                                                                                   Plaintiff,

v.                                                                                    Civil Action No. 3:23-cv-428-DJH

JOHN C. KOSKI, JR. et al.,                                                               Defendants.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff J.I.W.'s "motion to request the Court's opinion on recusal of the Honorable Judge Hale." (Docket No. 11) In the motion, J.I.W. "respectfully informs the court of a potential conflict" that "may necessitate the recusal of [the undersigned]" from this action. (*Id.*, PageID.131) Because courts should liberally construe pro se fillings, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court construes J.I.W.'s motion as a motion for recusal. For the reasons explained below, the Court will deny the motion.

**I.**

J.I.W., proceeding pro se, filed this *Bivens* action against federal law-enforcement agents who executed a search warrant for his home. (D.N. 1) Following the execution of the search warrant, J.I.W. was indicted on federal criminal charges. (*See id.*; D.N. 11) J.I.W.'s criminal case was randomly assigned to the undersigned and is ongoing. After the criminal case commenced, J.I.W. filed this action, which was also assigned to the undersigned by random selection. (D.N. 2)

In his motion for recusal, J.I.W. asserts that because the undersigned presides over this civil action and his criminal case, there is "a potential conflict" that "may necessitate the recusal of [the undersigned] in [this] matter, based on concerns of perceived ex parte communication due to the [undersigned's] overlapping roles in both cases." (D.N. 11, PageID.131) According to

1

J.I.W., "any motion practice in the civil case might be perceived by the government or the public as ex parte communication with Judge Hale." (*Id.*, PageID.132) J.I.W. "seeks to safeguard against any factors that could be perceived as influencing the outcome of the criminal proceedings and thus affecting subsequent actions, including appeals, by the government." (*Id.*, PageID.132–33) J.I.W. cites 28 U.S.C. § 455(a), (b)(1), and (b)(3) as grounds for his motion. (D.N. 11, PageID.131)

**II.**

Under 28 U.S.C. § 455, recusal is warranted where a judge's "impartiality might reasonably be questioned." *Id.* § 455(a). Recusal is also appropriate if a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a proceeding," *id.* § 455(b)(1), or if a judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." *Id.* § 455(b)(3). "Motions to recuse under § 455 are to be decided in the first instance by the judicial officer sought to be disqualified." *Moss v. Fairborn City Sch.*, No. 3:08CV00393, 2009 WL 10679470, at *1 (S.D. Ohio Nov. 5, 2009) (citing *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)).

The standard for recusal is objective; courts must consider "what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." *In re Nat'l Prescription Opiate Litig.*, No. 19-3935, 2019 WL 7482137, at *1 (6th Cir. Oct. 10, 2019) (internal quotation marks omitted) (quoting *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980)). "[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). "Although a judge

is obliged to disqualify himself when there is a close question concerning his impartiality, he has an equally strong duty to sit where disqualification is not required." *United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) (internal citations omitted). Disqualification under § 455 "must be predicated upon extrajudicial conduct, rather than judicial conduct." *Farnsworth v. Baxter*, No. 03-2950-B/V, 2007 U.S. Dist. LEXIS 86347, at *4 (W.D. Tenn. Nov. 21, 2007) (citing *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)). "Absent such an extrajudicial basis for recusal, a judge may not recuse himself." *Townsend v. Foley*, No. 1:21-CV-2264, 2022 WL 842276, at *1 (N.D. Ohio Feb. 17, 2022) (citing *United States v. Hoffa*, 382 F.2d 856, 861 (6th Cir. 1967)).

Here, J.I.W. has not shown that the undersigned's recusal is necessary under 28 U.S.C. § 455. J.I.W. himself asserts that he moves to recuse "without suggesting any lack of impartiality by Judge Hale." (D.N. 11, PageID.132) Moreover, J.I.W. cites no authority indicating that a judge should not preside over contemporaneous civil and criminal proceedings involving the same party, and he acknowledges that "28 U.S.C. § 455 does not specifically address a judge managing interconnected criminal and civil cases involving the same parties." (D.N. 11, PageID.132) Similarly, J.I.W. does not provide any support for his assertion that "any motion practice in the civil case might be perceived by the government or the public as ex parte communication with [the undersigned], who also oversees the criminal case." (*Id.*) But even if J.I.W.'s unsupported assertion were true, "ex parte contact does not, in itself, evidence any kind of bias" justifying recusal. *Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002). Because J.I.W. has identified no ground upon which the undersigned must recuse under § 455 (and the Court is aware of none), the undersigned's recusal is neither warranted nor advised. *See Angelus*, 258 F. App'x at 842; *Townsend*, 2022 WL 842276, at *1. Accordingly, the Court will deny J.I.W.'s motion.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that J.I.W.'s motion for recusal (D.N. 11) is **DENIED**.

May 30, 2024

David J. Hale, Judge
United States District Court