UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

J.I.W.,     Plaintiff,

v.     Civil Action No. 3:23-cv-428-DJH

JOHN C. KOSKI, JR. et al.,     Defendants.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff J.I.W., proceeding pro se, filed this action under a pseudonym without obtaining leave to proceed pseudonymously. (*See* Docket No. 1; D.N. 9) As a result, the Court ordered J.I.W. to file an amended complaint under his legal name or to show cause why the Court should not dismiss this case for lack of jurisdiction. (D.N. 9) In response to the Court's Order, J.I.W. filed a motion requesting permission to proceed under a pseudonym. (D.N. 10) For the reasons explained below, the Court will deny J.I.W.'s motion.

**I.**

J.I.W. filed this *Bivens* action against federal law-enforcement agents who executed a search warrant for his home. (D.N. 1) The affidavit in support of the warrant alleged that J.I.W. had accessed a website with the intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (D.N. 1, PageID.7) Following the execution of the search warrant, J.I.W. was indicted on federal criminal charges. (*See id.*; D.N. 11) J.I.W.'s criminal case is ongoing. After the criminal case commenced, J.I.W. filed this action.

In his motion to proceed pseudonymously, J.I.W. argues that "he should be allowed to proceed entirely anonymously," that the documents should be sealed in this case, and that this case should be held in abeyance until his criminal case is resolved. (D.N. 10, PageID.119) According

1

to J.I.W., "[p]roceeding anonymously would act to protect his 5th amendment rights (the right to remain silent and the right to not self incriminate) in th[e] criminal matter." (*Id.*) Because the defendants in this matter have yet to be served (*see* D.N. 5), no response to J.I.W.'s motion was filed.

## II.

Under Federal Rule of Civil Procedure 10(a), "the complaint must name all parties." "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). The plaintiff carries the burden of "demonstrat[ing] that the need for anonymity outweighs both the presumption that a party's identity is public information and the risk of unfairness to the opposing party." *Doe v. Webster Cnty.*, No. 4:21-CV-93-JHM, 2022 WL 124678, at *1 (W.D. Ky. Jan. 12, 2022) (internal quotation marks omitted) (quoting *Doe v. Dordoni*, No. 1:16-CV-74, 2016 WL 4522672, at *2 (W.D. Ky. Aug. 29, 2016)). Relevant factors include:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.[1]

---

[1] J.I.W. asks the Court to consider the factors identified by the Fourth and Fifth Circuits (*see* D.N. 10, PageID.124–26), but "[a]s a district court within the Sixth Circuit, [the Court is] bound to follow the decisions of the Sixth Circuit Court of Appeals." *Taylor v. United States*, No. 3:18 C 776, 2019 U.S. Dist. LEXIS 88247, at *8 (M.D. Tenn. May 24, 2019) (citing *Durham v. Martin*, 388 F. Supp. 3d 919, 934 (M.D. Tenn. 2019)); *see also Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 782 (E.D. Mich. 2008) ("[A] district court is not bound by decisions of Courts of Appeals for other circuits."). The Court will therefore consider J.I.W.'s arguments as they relate to the factors set out by the Sixth Circuit.

*Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). An additional consideration is "whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Marsh*, 123 F. App'x at 636 (citing *Porter*, 370 F.3d at 561). "Ordinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym," *id.* at 636 (citing *Porter*, 370 F.3d at 560), which J.I.W. did not do here. "Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case[] because . . . 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Marsh*, 123 F. App'x at 637 (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)). Nevertheless, the Court will consider whether J.I.W. has shown, belatedly, "that the need for anonymity outweighs both the presumption that a party's identity is public information and the risk of unfairness to the opposing party." *Webster Cnty.*, 2022 WL 124678, at *1. As explained below, he has not.

**A.     Challenge to Governmental Activity**

"As to the first factor, only in 'a very few cases challenging governmental activity can anonymity be justified.'" *Ericksen v. United States*, No. 16-CV-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017) (quoting *Stegall*, 653 F.2d at 186). This factor "usually applies to cases in which the plaintiff challenges governmental activity such as a policy or statute." *G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012). Indeed, "[c]ourts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity 'seeking to have a law or regulation declared invalid.'" *Doe v. Univ. of Pittsburgh*, No. 1:17-CV-213, 2018 WL

3

1312219, at *2 (W.D. Mich. Mar. 14, 2018) (quoting *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004)).

Here, J.I.W. is not "challeng[ing] governmental activity such as a policy or statute." *G.E.G.*, 2012 WL 381589, at *2. Rather, he is suing federal law-enforcement agents in their individual capacities, seeking damages, and alleging that they violated his constitutional rights when they searched his home. (D.N. 1) Since "[c]ourts are especially hesitant to allow plaintiffs to proceed pseudonymously when they sue a private party for monetary relief," *Doe v. Dabbagh*, No. 15-CV-10724, 2015 WL 13806540, at *2 (E.D. Mich. May 28, 2015), the first *Porter* factor weighs against J.I.W.

**B.      Disclosure of Information of the Utmost Intimacy**

The second *Porter* factor is often invoked in cases involving victims of sexual assault and other particularly vulnerable parties. *See Doe v. Mitchell*, No. 2:20-cv-00459, 2020 U.S. Dist. LEXIS 220750, at *16–17 (S.D. Ohio Nov. 24, 2020) (collecting cases); *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-cv-272, 2018 U.S. Dist. LEXIS 232170, at *3 (S.D. Ohio Apr. 5, 2018) (noting that courts have invoked the utmost-intimacy factor in cases involving transgender persons); *Doe One v. CVS Health Corp.*, No. 2:18-cv-238, 2018 U.S. Dist. LEXIS 70024, at *3–4 (S.D. Ohio Apr. 26, 2018) (permitting plaintiffs with HIV to proceed anonymously). For this factor "to weigh in favor of a movant, the party requesting the pseudonym must typically demonstrate that there is a level of danger that the party or their family may face if the party's identity becomes known." *Doe v. Cuyahoga Cnty.*, No. 1:22-cv-01677, 2023 U.S. Dist. LEXIS 37135, at *6 (N.D. Ohio Mar. 6, 2023) (citing *Porter*, 370 F.3d at 560–61). A movant must offer "real-world evidence" that he or she would face harm if not permitted to proceed anonymously. *See Does 1-114 v. Shalushi*, No. 10-11837, 2010 U.S. Dist. LEXIS 77331, at *8 (E.D. Mich. July 30, 2010) ("To support a fear of

4

retaliation, the plaintiff must demonstrate that such retaliation is not merely hypothetical but based in some real-world evidence; a simple fear is insufficient."); *Doe v. Franklin Cnty.*, No. 2:13-cv-00503, 2013 U.S. Dist. LEXIS 134843, at *9 (S.D. Ohio Sept. 20, 2013) (finding that the plaintiff failed to "identif[y] any real-world evidence that she would be subjected to significant social stigma or public ridicule if she were required to prosecute this case under her real name"). And "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (internal quotation marks omitted) (quoting *Ramsbottom v. Ashton*, No. 3:21-CV-272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021)).

Here, J.I.W. argues that granting him "anonymity is a necessary measure, not merely for privacy but as a critical protection against the perpetuation of irreparable financial and reputational harm." (D.N. 10, PageID.119) According to J.I.W., "[a]llegations of sexual misconduct, particularly involving minors, regardless of their substantiation, often leave an indelible mark, casting a long shadow of doubt and social exclusion." (*Id.*, PageID.120) But J.I.W. offers no "real-world evidence" that prosecuting this suit in his own name will require him to disclose information of the utmost intimacy, thereby subjecting him to harm. He instead makes the sort of generalized and speculative assertions that are insufficient to justify anonymity. *See Shalushi*, 2010 U.S. Dist. LEXIS 77331, at *8; *cf. Doe v. Lee*, 599 F. Supp. 3d 701, 705 (M.D. Tenn. 2022) (finding that although the plaintiff "offer[ed] scholarly support for the proposition that sex offenders generally face 'widespread opprobrium, humiliation, and harassment,' and sometimes, even vigilante attack, he offer[ed] no evidence that he personally ha[d] suffered any of these or [was] at risk of future harm"). Moreover, to the extent J.I.W. argues that the details of his criminal case constitute information of the utmost intimacy, that information is already public record. *Cf.*

5

*Cuyahoga Cnty.*, 2023 U.S. Dist. LEXIS 37135, at *6–7 ("[C]ourts have . . . held that information related to a plaintiff's past criminal offense, which is a matter of public record and 'readily available to the public,' is not 'intimate information.'" (quoting *Lee*, 599 F. Supp. 3d at 704). Thus, the second *Porter* factor also weighs against J.I.W.

### C.  Protection Against Self-Incrimination

J.I.W. argues that the factor concerning self-incrimination "is unequivocally met in the instant case" because "the mere fact of the government's indictment against the Plaintiff has engendered a state of ongoing legal jeopardy." (D.N. 10, PageID.126)  J.I.W. argues that allowing him to proceed pseudonymously would "ensur[e] that [his] engagement in" this case "does not inadvertently incriminate him or compromise his defense in the related criminal proceedings by allowing the government to use his words against him." (*Id.*)

The third *Porter* factor applies where "the litigation compels plaintiffs to disclose an intention to violate the law." *Porter*, 370 F.3d at 560.  J.I.W. does not argue that litigating this case would require him to disclose any such intention. (*See* D.N. 10)  He cites no authority indicating that the third *Porter* factor is implicated here (*see id.*), and the Court is aware of none. Accordingly, this factor also weighs against J.I.W.

### D.  Age of the Plaintiff

Although "being an adult does not preclude Plaintiff[] from proceeding anonymously," *Doe 1 v. Gupta*, No. 3:22-CV-1122, 2023 WL 2734674, at *2 (N.D. Ohio Mar. 31, 2023) (collecting cases), J.I.W. does not argue that his age is grounds for anonymity here. (D.N. 10, PageID.125)  Accordingly, the fourth *Porter* factor does not favor J.I.W. either.

### E.  Prejudice to Defendants

Along with the four *Porter* factors, the Court may also consider "whether the defendants

are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Marsh*, 123 F. App'x at 636. J.I.W. is willing to reveal his identity to the defendants (*see* D.N. 10, PageID.119 n.1), so the defendants would likely suffer little harm if the Court were to permit J.I.W. to remain anonymous. *See Webster Cnty.*, 2022 WL 124678, at *3 (noting that "courts have found no 'discernable prejudice' when plaintiffs seeking to proceed pseudonymously were 'willing to disclose their names'" (quoting *Doe No. 1 v. Springboro Cmty. City Sch. Dist.*, No. 1:19-CV-785, 2020 WL 3048191, at *2 n.4 (S.D. Ohio June 8, 2020))).

### III.

In sum, the only factor favoring J.I.W's anonymity is the factor concerning potential prejudice to the defendants; the four *Porter* factors all weigh against J.I.W. Thus, J.I.W. has not shown that his privacy interests "substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. The Court will therefore deny his motion to proceed pseudonymously. *Marsh*, 123 F. App'x at 637. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Plaintiff J.I.W.'s motion to proceed under a pseudonym is **DENIED**.

(2) J.I.W. **SHALL FILE** an amended complaint under his legal name within **ten (10) days** of entry of this Memorandum and Order.

July 8, 2024

David J. Hale, Judge
United States District Court