UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSHUA WHITE,     Plaintiff,

v.     Civil Action No. 3:23-cv-428-DJH

JOHN C. KOSKI, JR. et al.,     Defendants.

\* \* \* \* \*

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Joshua White's motion for leave to amend the complaint (Docket No. 14) and motion to allow "phased service" and toll the applicable statute of limitations. (D.N. 5) For the reasons explained below, the Court will allow White to amend his complaint but will not allow phased service or toll the statute of limitations.

**I.**

On July 8, 2024, the Court ordered White to file an amended complaint under his legal name within ten days of entry of the Order. (D.N. 13) White filed a motion for leave to amend in accordance with the Court's directive. (D.N. 14) Leave to amend should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because White has complied with the Court's Order, the Court will grant his motion to amend.

**II.**

White also filed a "Motion to Allow Phased Service of Summonses on Unknown Defendants and Tolling of Statute of Limitations." (D.N. 5) The defendants in this action include unknown agents from the Federal Bureau of Investigation (FBI) and Homeland Security Investigations (HSI). (*See* D.N. 14-1) In his motion, White "requests that the Court allow for the issuance of summonses but delay the service of summonses without penalty and toll the statute of

1

limitations, for any unknown John and/or Jane Doe persons until such time as discovery can adequately identify these individuals." (D.N. 5, PageID.21)  In the alternative, White asks the Court to allow him "to serve (via the U.S. Marshals or other) the summonses for unknown agents at the headquarters of the HSI and [FBI], as well as the likely address of the FBI/HSI joint Child Exploitations Operations Unit (CEOU) in Boston." (*Id.*)  White also asks the Court to toll the statute of limitations.  (*Id.*)  The Court will address tolling before considering whether to permit phased service.

**A.     Tolling**

White filed this *Bivens* suit on August 16, 2023, against federal law-enforcement agents involved in the execution of a search warrant for his residence.  (D.N. 1)  Kentucky's one-year statute of limitations for personal-injury claims applies to *Bivens* claims.  *Smith v. United States*, No. 09-314-GFVT, 2011 U.S. Dist. LEXIS 112913, at *13 (E.D. Ky. Sept. 30, 2011) (citations omitted).  "A *Bivens* claim accrues when the plaintiff becomes aware of the injury that forms the basis for his claims."  *Colvin v. Gilley*, No. 6:23-CV-024-REW, 2023 U.S. Dist. LEXIS 190602, at *8 (E.D. Ky. Oct. 24, 2023) (citing *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015)).  Here, although the search of White's residence occurred on February 1, 2021, White alleges that he discovered in February 2023 that the agents had exceeded the scope of the warrant.  (D.N. 14-1, PageID.151)  Under this timeline, White's claim accrued in February 2023, and the statute of limitations expired in February 2024.  *See Smith*, 2011 U.S. Dist. LEXIS 112913, at *13.

"[T]he filing of a complaint against an unknown defendant does not toll the running of the statute of limitations."  *Day v. City of Memphis Police Dep't*, No. 2:19-cv-02679-JTF-ATC, 2022 U.S. Dist. LEXIS 47580, at *5 (W.D. Tenn. Mar. 17, 2022) (citing *Wiggins v. Kimberly-Clark*

*Corp.*, 641 F. App'x 545, 548–49 (6th Cir. 2016)).  This is because "[a]n action is commenced against an unknown defendant when the complaint is amended under Fed. R. Civ. P. 15 to specifically name that defendant and the plaintiff effects service of process upon that named defendant in compliance with Fed. R. Civ. P. 4." *Id.*  White acknowledges that his claims against the unknown defendants will be time-barred unless the Court tolls the statute of limitations as to those defendants.  (D.N. 5, PageID.23–24)  He asks the Court to equitably toll the statute of limitations on the ground that he will not be able to learn the unknown agents' identities until after discovery.  (*Id.*)

"[E]quitable tolling is available 'when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (quoting *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014)).  The Sixth Circuit has identified five factors to be considered in determining whether equitable tolling is warranted:

> (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing h[is] rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Id.* (internal quotation marks omitted) (quoting *Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014)).  This test should not be applied prospectively.  *See Griffin v. Rogers*, 399 F.3d 626, 635 n.3 (6th Cir. 2005) (noting that a prior panel "could not have embarked upon an equitable analysis" of the factors prospectively "given the federal courts' aversion to issuing advisory opinions" (citing *Keene Corp. v. United States*, 508 U.S. 200, 217 & n.13 (1993))).  The Court therefore declines to issue a ruling on equitable tolling where no defendant has raised the statute of limitations as a defense.  *See id.*; *Challenge Mfg. Co. v. Blue Cross & Blue Shield*, No. 13-CV-13290, 2013 U.S. Dist. LEXIS 175683, *2 (E.D. Mich. Dec. 16, 2013) ("There has been no attempt

by Defendant to invoke the statute of limitations. If the Court were to issue an opinion regarding the tolling of the statute of limitations, such an opinion, at this juncture, would be advisory and this Court is prohibited from issuing such an opinion." (citing *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 715 (6th Cir. 2011))).

**B.     Phased Service**

The Court likewise declines to allow "phased service" on the unknown defendants. (*See* D.N. 5) If and when White identifies the unknown defendants, he may seek leave to amend his complaint to add them to the case and then—if leave is granted—proceed with service as provided under the Federal Rules of Civil Procedure. *See Day*, 2022 U.S. Dist. LEXIS 47580, at *5.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     White's motion for leave to amend the complaint (D.N. 14) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the tendered amended complaint (D.N. 14-1) and attachment to the amended complaint (D.N. 14-2) in the record of this matter. The Clerk of Court is further **DIRECTED** to change the case caption to identify Joshua White as the plaintiff in this matter.

(2)     White's "Motion to Allow Phased Service of Summonses on Unknown Defendants and Tolling of Statute of Limitations" (D.N. 5) is **DENIED** without prejudice.