Attachment B

Statement of Claim Section III subsection C underlying facts attachment of complaint for violations of civil rights

On February 8, 2021, Defendant Koski applied for a search warrant for the Property of Plaintiff based on supposed probable cause that 18 U.S.C. 2252(A)(a)(5)(B) (Accessing with Intent to view Child Porn) had been violated. In his affidavit, Defendant Koski modified a template that he had received at that point. He also had received screenshots of the CHATSITE that were dated May 28, 2019. The affidavit stated that images were on the Target Website at the time the alleged access occurred. However, this contradicted every other reference through the affidavit, which described the CHATSITE as a chatsite which only had text and/or links to other websites. Defendant Koski also said that someone would have to have a username and password to access the CHATSITE. Supplemental discovery that was released on August 16, 2022 and received by plaintiff on September 9, 2022, revealed that there were no images on the CHATSITE and that Defendant Koski would have known that. Discovery also revealed that the tip which Defendant Koski relied on did not impart any information that anyone at the residence of Plaintiff had used internet connection to logon to the Target Website or view any images.

This release of discovery also revealed that Agent Koski and the other defendants had no knowledge of any username or password and that no evidence existed that anyone at Plaintiff's residence accessed the CHATSITE, nor.

1. On February 17, 2021, numerous violations of the search warrant were made while the search warrant was executed. First, all the Defendants exceeded the scope of the search by searching for possession of images, even though the search warrant was for accessing with intent to view. The search warrant stated that there was no authorization for law enforcement to compel individuals at the premises to provide biometric features to unlock or access any device. Despite this, Defendants Koski, Huffines, and other unknown agents compelled Jane Doe. to provide passwords and grant access to her cell phone, personal computer, wireless network, company computer, and company computer network. The agents violated their warranted authorization when they compelled her to unlock those devices.

2. Moreover, during the search, Plaintiff and Jane Doe., were totally restricted in their movements. The demeanor of the agents made clear they were not free to leave or access their vehicles, and their phones were confiscated. Plaintiff was taken barefoot and in his underwear and forced to sit in a snow-covered chair in public in front of his home. Agents used their hands to firmly guide Plaintiff and Jane Doe at times to different places in the house where they wanted them.  Due to the outdoor temperatures and the state of dress, it was unsafe for Plaintiff or Jane Doe to leave the premises on foot.  Both Plaintiff and Jane Doe. were observed by agents while they used the restroom. Plaintiff was unable to contact a lawyer during the search and was not provided the warrant to review until over an hour after the search started. In addition, defendant agents failed to render aid when Plaintiff was in a semi unconscious state. The agents also used unreasonable force and pointed their guns at the Plaintiffs, who were unarmed, do not own firearms, when the agents arrived to conduct the search. During the

Attachment Page 1 of 1
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
Section III, subsection C

Attachment B

search, Defendant agents damaged shelving in the home by attempting to use them as a ladder; they did not report the damage.

3. During the search of the residence, agents found nude photographs of Plaintiff and displayed them to other agents.

4. Plaintiff had his hands/fingerprints/biometrics non-consensually digitally scanned/imaged under threat of arrest during the search.

5. Finally, Defendant Koski searched 2 vehicles on February 17, 2021 without the consent of the owners. One of the vehicles was not located at the address of the search warrant but was located several hundred feet away at a different postal addresses. Minor damages to the driver side and passenger doors resulted.

6. Discovery provided on February 2023 shows this. Due to the search, Plaintiff has lost his job and suffered pecuniary and emotional harm.

Attachment Page 2 of 1
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
Section III, subsection C