UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00428-DJH-CHL

JOSHUA WHITE,                                                                                                    Plaintiff,

v.

JOHN C. KOSKI, JR.,                                                                                          Defendant.

## ORDER

Before the Court is *pro se* Plaintiff's Renewed Motion for Service by U.S. Marshals. (DN 19.) Plaintiff requested that the Court order the U.S. Marshals to serve Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 4(c)(3). In support, he cited to the fact that this case involves "federal officers and classified operations, where the handling of sensitive information and access to secure locations necessitate the specialized skills and authority of the U.S. Marshals." (*Id.* at PageID # 173.)

Generally, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). However, Fed. R. Civ. P. 4(c)(3) provides

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3). This Court is not required to direct service by the U.S. Marshals Service here because Plaintiff is not proceeding *in forma pauperis*, leaving whether to grant Plaintiff's request within the Court's discretion. The Advisory Committee notes to Rule 4 advise that one example of when a court should utilize its discretion to direct the U.S. Marshals Service to effectuate service is "[i]f a law enforcement presence appears to be necessary or advisable to keep

the peace." Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment. Generally, however, a plaintiff should first attempt service by other means before placing that burden on the Marshal Service. *See, e.g.*, *Bax v. Exec. Off. for U.S. Att'ys*, 216 F.R.D. 4, 4 (D.D.C. 2003); *Hollywood v. Carrows California Fam. Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018); *Syswerda v. Mnuchin*, No. 1:20-CV-471, 2020 WL 12746030, at *1 (W.D. Mich. June 5, 2020).

Here, Plaintiff does not appear to have attempted service by any other means. Further, his cited reasons for requesting service by the United States Marshals Service fall short of the examples cited above. As the Court has previously summarized, Plaintiff's claims in this action relate to alleged unconstitutional searches and seizure. (*See* DNs 1, 9.) It is unclear why service on federal law enforcement officers would raise a need for presence of the U.S. Marshals Service to keep the peace. As Plaintiff has offered no other legitimate reason for his request, the Court will deny the same.

The Court notes that a plaintiff must serve a defendant within ninety days after a complaint is filed. Fed. R. Civ. P. 4(m). Here, given that Plaintiff's amended complaint was followed by the filing of the instant motion, the Court finds good cause pursuant to Fed. R. Civ. P. 4(m) to extend the time for service as set forth below.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Renewed Motion for Service by U.S. Marshals (DN 19) is **DENIED**. Plaintiff is directed to tender summons to the Clerk's office for issuance and effectuate service on the Defendants on or before **May 1, 2025**. *Pro se* Plaintiff is cautioned that failure to effectuate service by this deadline *may result in dismissal of his amended complaint pursuant to Fed. R. Civ. P. 4(m).*

Colin H Lindsay, Magistrate Judge
United States District Court

cc: *Pro se* Plaintiff

February 19, 2025

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.